■ In the Matter of Dodge's Liquor Store, Inc., Respondent, v. E. J. Karpowicz et al., Respondents, and State Liquor Authority, Appellant.— In a proceeding under section 123 of the Alcoholic Beverage Control Law to enjoin respondents Karpowicz from engaging in the retail sale of liquor, wine and cider, a license application for which has been, for certain premises in New Hyde Park, allegedly unlawfully approved by respondent State Liquor Authority, the latter appeals from an order of the Supreme Court, Nassau County, entered May 10, 1965, which (1) denied its cross motion to dismiss the petition upon objections in point of law; (2) directed it to serve and file its answer within a specified time; and (3) directed that petitioner may renotice the matter for disposition within a stated time. Order reversed, with $10 costs and disbursements; and cross motion granted and petition dismissed as to appellant, without costs and without prejudice to renewal of the application, if petitioner be so advised. In order for the court to grant an injunction under section 123 of the Alcoholic Beverage Control Law, the petition therefor must allege that petitioner is a taxpayer, in addition to a resident, *in* the city, village or town in which the activity in question is or is about to be engaged or participated in, etc. Such allegation of taxpayer status is here lacking. We have nevertheless fully examined the record; and, were it not for the jurisdictional defect, we would have affirmed the denial of the cross motion. (Cf. *Matter of Arzoomanian* v. *Svoronos*, 25 A D 2d 548.) Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.